UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE C. CONLEE, Individually and on Behalf of All Other Similarly Situated, | ) ) ) | No. 1:11-cv-03503-JBZ |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | Judge James B. Zagel Magistrate Judge Young Kim |
| WMS INDUSTRIES INC., et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF CONTENTS

**Page**

I.    SUMMARY OF THE LITIGATION ...............................................................................2

II.   THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL............4

      A.    The Proposed Settlement Meets the Standard for Preliminary Approval................4

      B.    The Factors Considered When Granting Final Approval Also Support
            Preliminary Approval of the Proposed Settlement ...................................................6

III.  CERTIFICATION OF THE CLASS FOR SETTLEMENT PURPOSES IS
      APPROPRIATE....................................................................................................................8

      A.    Rule 23(a)(1) – Numerosity ...................................................................................9

      B.    Rule 23(a)(2) – Commonality .................................................................................9

      C.    Rule 23(a)(3) – Typicality ...................................................................................10

      D.    Rule 23(a)(4) – Adequacy of Representation .......................................................10

      E.    The Class May Be Properly Certified Under Rule 23(b)(3) ................................11

IV.   THE PROPOSED NOTICE PROGRAM IS APPROPRIATE .........................................12

V.    PROPOSED SCHEDULE OF EVENTS............................................................................14

VI.   CONCLUSION...................................................................................................................15

901148_1.

**Page**

**CASES**

*Abrams v. Van Kampen Funds, Inc.*,
 No. 01 C 7538, 2002 U.S. Dist. LEXIS 16022
 (N.D. Ill. Aug. 27, 2002) ...................................................................................................9

*Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*,
 No. 07 C 2898, 2011 U.S. Dist. LEXIS 84219
 (N.D. Ill. July 26, 2011) ................................................................................................6, 8

*Amchem Prods. v. Windsor*,
 521 U.S. 591 (1997) ....................................................................................................8, 11

*Armstrong v. Bd. of Sch. Dirs.*,
 616 F.2d 305 (7th Cir. 1980) .......................................................................................4, 5, 7

*Butler v. Am. Cable & Tel., LLC*,
 No. 09 CV 5336, 2011 U.S. Dist. LEXIS 74512
 (N.D. Ill. July 12, 2011) ...................................................................................................5

*EEOC v. Hiram Walker & Sons, Inc.*,
 768 F.2d 884 (7th Cir. 1985) ............................................................................................7

*GE Capital Corp. v. Lease Resolution Corp.*,
 128 F.3d 1074 (7th Cir. 1997) ..........................................................................................6

*In re AT&T Mobility Wireless Data Servs. Sales Litig.*,
 270 F.R.D. 330 (N.D. Ill. 2010) .....................................................................................5, 6

*In re Harnischfeger Indus., Inc.*,
 212 F.R.D. 400 (E.D. Wis. 2002) .....................................................................................7

*In re Hartmarx Sec. Litig.*,
 No. 01 C 7832, 2002 U.S. Dist. LEXIS 18273
 (N.D. Ill. Sept. 19, 2002) .................................................................................................9

*In re Mills Corp. Sec. Litig.*,
 257 F.R.D. 101 (E.D. Va. 2009) .......................................................................................9

*In re NeoPharm, Inc. Sec. Litig.*,
 225 F.R.D. 563 (N.D. Ill. 2004) .......................................................................................9

*In re Sys. Software Assocs., Inc. Sec. Litig.*,
 No. 97 C 177, 2000 U.S. Dist. LEXIS 18285
 (N.D. Ill. Dec. 8, 2000) ..........................................................................................9, 10, 12

901148_1.

*Isby v. Bayh*,
    75 F.3d 1191 (7th Cir. 1996) ............................................................4, 7

*King v. Kan. City S. Indus., Inc.*,
    519 F.2d 20 (7th Cir. 1975) ...............................................................8

*McKinnie v. JP Morgan Chase Bank, N.A.*,
    678 F. Supp. 2d 806 (E.D. Wis. 2009).................................................5

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985)........................................................................12

*Rosario v. Livaditis*,
    963 F.2d 1013 (7th Cir. 1992) ............................................................9

*Schulte v. Fifth Third Bank*,
    805 F. Supp. 2d 560 (N.D. Ill. 2006) ..................................................4

*Silverman v. Motorola, Inc.*,
    259 F.R.D. 163 (N.D. Ill. 2009)........................................................10

*Synfuel Techs., Inc. v. DHL Express (USA), Inc.*,
    463 F.3d 646 (7th Cir. 2006) ..............................................................6

*Tatz v. Nanophase Techs. Corp.*,
    No. 01 C 8440, 2003 U.S. Dist. LEXIS 9982
    (N.D. Ill. June 13, 2003) .........................................................9, 10, 11

*Will v. Gen. Dynamics Corp.*,
    No. 06-698-GPM, 2010 U.S. Dist. LEXIS 95630
    (S.D. Ill. Aug. 9, 2010) ......................................................................5

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
    §78u-4(a)(7) ....................................................................................13
    §78t(a).............................................................................................2
    §78j(b)....................................................................................1, 2, 10

Federal Rules of Civil Procedure
    Rule 9(b) ...................................................................................................................3
    Rule 12(b)(6) ...........................................................................................................3
    Rule 23 .....................................................................................................................8
    Rule 23(a) .....................................................................................................8, 11, 12
    Rule 23(a)(1) ...........................................................................................................9
    Rule 23(a)(2) ...........................................................................................................9
    Rule 23(a)(3) .........................................................................................................10
    Rule 23(a)(4) ...................................................................................................10, 11
    Rule 23(b) .......................................................................................................8, 11
    Rule 23(b)(3) ...................................................................................................11, 12
    Rule 23(e) .....................................................................................................4, 6, 8
    Rule 23(e)(1) .........................................................................................................12
    Rule 23(g) .............................................................................................................12
    Rule 23(h)(1) .........................................................................................................13

17 C.F.R.
    §240.10b-5 ............................................................................................................10

## SECONDARY AUTHORITIES

5 James Wm. Moore, *Moore's Federal Practice* (3d ed. 2002)
    §23.85[3] .................................................................................................................8

*Manual for Complex Litigation* (4th ed. 2004)
    §13.14 ..................................................................................................................4, 5

901148_1.

Lead Plaintiff Kenneth Zeitlin ("Lead Plaintiff"), through his counsel, Robbins Geller Rudman & Dowd, LLP ("Lead Counsel"), respectfully submits this memorandum in support of preliminary approval of the Settlement embodied in the Stipulation of Settlement dated December 17, 2013 ("Stipulation" or "Settlement Agreement"), filed contemporaneously herewith.[1] Following multiple rounds of mediation, the parties have reached an agreement to settle Lead Plaintiff and the Class's securities fraud claims against Defendants WMS Industries Inc. ("WMS"), Brian R. Gamache, Scott D. Schweinfurth and Orrin J. Edidin. The proposed Settlement provides for the payment of $3,700,000 for the benefit of the Class.[2]

The proposed Settlement presents a very favorable result for the Class, when considering the risk of a much lesser or no recovery had the case proceeded unsuccessfully through appeal. The Settlement is the result of well-informed and extensive arm's-length negotiations between highly experienced counsel, facilitated by a respected and skilled mediator. For the reasons set forth herein, Lead Plaintiff submits that the proposed Settlement is well within the range of reasonableness, and asks the Court to enter the accompanying [Proposed] Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order"). The Notice Order will (1) preliminarily approve the terms of the Settlement as set forth in the Stipulation; (2) certify the Class for settlement purposes; (3) approve the form and method for providing notice of the Settlement to the Class; and (4) schedule a Final Approval Hearing at which the Court will consider (a) whether the Settlement is

---

[1] All capitalized terms that are not defined herein have the same meanings as set forth in the Stipulation.

[2] The Settlement is on behalf of the following Class: all persons, without geographic limitation, who purchased or otherwise acquired WMS common stock during the period from September 21, 2010 through and including August 4, 2011, or their successor in interest, and who were or claim to have been damaged by Defendants' alleged violations of Sections 10(b) and/or 20(a) of the Exchange Act. Excluded from the Class are Defendants, the current officers and directors of the Company, members of their immediate families, any entity in which a Defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded party. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom.

fair, reasonable and adequate, (b) the Plan of Distribution of settlement proceeds among Class Members, and (c) Lead Counsel's application for an award of attorneys' fees and expenses.

## I. SUMMARY OF THE LITIGATION

This case was brought on behalf of the Class (to be certified for settlement purposes) of all persons, without geographic limitation, who purchased or otherwise acquired WMS common stock during the period between September 21, 2010 and August 4, 2011, inclusive, and who were allegedly damaged by Defendants' alleged violations of Sections 10(b) and/or 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). The initial complaint was filed on May 25, 2011, and on August 4, 2011, the Court appointed Kenneth Zeitlin as Lead Plaintiff and approved his selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.

On September 12, 2012, Lead Plaintiff filed the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint"), which alleges that during the Class Period, Defendants made false and misleading assurances to investors that WMS was on track to achieve record revenue and margins growth in fiscal year 2011, through the launch of new, high margin gaming products and the implementation of certain operational improvements. The Complaint further alleges that Defendants' misstatements caused WMS stock to trade at artificially inflated prices, and when the truth of those misstatements was eventually disclosed, resulted in substantial damages to the Class.

From the outset of the litigation, Defendants have denied the allegations asserted by Lead Plaintiff and maintained that they never made any statement to the market that was false or misleading, nor did they ever direct anyone to make public statements that were false and misleading. Defendants contend that WMS's public statements, at all relevant times, were truthful, accurate and not misleading, including those statements relating to WMS's product launches and implementation of operational improvements. As a result, and as argued in their motion to dismiss,

- 2 -

Defendants contend that Lead Plaintiff did not plead an actionable claim and cannot prove any element of securities fraud, including, but not limited to, falsity, materiality, scienter and damages.

On October 26, 2012, Defendants filed their Motion to Dismiss Lead Plaintiff's Second Amended Class Action Complaint Pursuant to Rules 9(b) and 12(b)(6), asserting that the Complaint failed to state a claim for relief. Lead Plaintiff filed his opposition on November 30, 2012, and Defendants filed their reply on December 21, 2012. On April 24, 2013, the Court issued a Memorandum Opinion and Order, granting Defendants' motion to dismiss with prejudice (the "Dismissal Order"). Lead Plaintiff filed a notice of appeal of the Dismissal Order with the Seventh Circuit Court of Appeals ("Seventh Circuit") on May 22, 2013. On October 21, 2013, the parties jointly moved for the limited remand of the Action back to the Court to conduct class action settlement approval proceedings, which was granted by the Seventh Circuit on November 1, 2013. Lead Plaintiff's appeal before the Seventh Circuit will be rendered moot if and when the Court grants final approval of the proposed Settlement.

During the course of the litigation, the parties participated in a full-day mediation session with The Honorable William J. Cahill (Ret.) of JAMS, who has extensive experience mediating complex securities class action litigation. While the mediation before Judge Cahill did not result in settlement at that time, the parties agreed to continue settlement discussions. After Lead Plaintiff filed the notice of appeal of the Dismissal Order, additional settlement efforts were attempted by the parties through a series of ongoing discussions and negotiations under Rocco Spagna, an experienced mediator with the Settlement Conference Office of the Seventh Circuit. On October 9, 2013, the parties reached an agreement in principle to settle the Action based upon a Mediator's Proposal issued by Mr. Spagna.

## II. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

### A. The Proposed Settlement Meets the Standard for Preliminary Approval

As a matter of public policy, settlement is a strongly favored method for resolving litigation. *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 578 (N.D. Ill. 2006) ("'Federal courts naturally favor the settlement of class action litigation.'") (citing *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996)). This is especially true in complex class actions such as this:

> In the class action context in particular, "there is an overriding public interest in favor of settlement." Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources.

*Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 313 (7th Cir. 1980).[3]

Federal Rule of Civil Procedure 23(e) requires judicial approval for the compromise of claims brought on a class basis. Approval of a class action settlement under Rule 23(e) involves a two-step process: first, a "preliminary approval" order; and second, after notice of the proposed settlement has been provided to the class and a hearing has been held to consider the fairness, reasonableness, and adequacy of the proposed settlement, a "final approval" order or judgment. *See Manual for Complex Litigation* §13.14 (4th ed. 2004). At the final approval hearing, the Court will have before it more detailed papers submitted in support of final approval of the proposed settlement and only then will it be asked to make a final determination as to whether the settlement is fair, reasonable, and adequate under all the circumstances.

In determining whether preliminary approval is warranted, the sole issue before the Court is whether the proposed settlement is "***within the range of possible approval***," so that notice of the Settlement can be provided to Class Members, and a hearing is scheduled to consider final

---

[3]   Citations are omitted throughout unless otherwise noted.

settlement approval. *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 346 (N.D. Ill. 2010) (citing *Armstrong*, 616 F.2d at 314); *see also Manual for Complex Litigation*, *supra*, §13.14, at 173 ("First, the judge reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision on approval is made after the hearing.").

The proposed Settlement clearly satisfies the standard for preliminary approval. The Settlement provides the certain and substantial cash benefit of $3,700,000 for distribution to eligible Class Members, less any attorneys' fees and expenses awarded by the Court, notice and administration expenses, and Taxes payable from the Settlement Fund. Notably, at the time the Settlement was reached, the case was on appeal before the Seventh Circuit, after this Court had dismissed the Complaint with prejudice. Therefore, had no settlement been reached, Lead Plaintiff would have continued to face considerable risk moving forward at the appellate level, and even if successful there, back at the district court level.

Preliminary approval is further warranted because the proposed Settlement was achieved after hard-fought, arm's length negotiations, overseen by highly-experienced mediators. *See Butler v. Am. Cable & Tel.*, *LLC*, No. 09 CV 5336, 2011 U.S. Dist. LEXIS 74512, at *23 (N.D. Ill. July 12, 2011); *McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F. Supp. 2d 806 (E.D. Wis. 2009); *Will v. Gen. Dynamics Corp.*, No. 06-698-GPM, 2010 U.S. Dist. LEXIS 95630, at *6-*7 (S.D. Ill. Aug. 9, 2010). In this case, both Lead Plaintiff and Defendants were fully prepared to continue to litigate the Action, rather than settle for a sum each party deemed unreasonable. It was only after the strengths and weaknesses of the parties' respective claims and defenses were aggressively and fully explored during the initial mediation with Judge Cahill and later with Mr. Spagna did the parties finally agree to settle the case. Given the substantial risks and uncertainties of continued litigation, and the

- 5 -

strengths and weaknesses of the Action, which were duly considered by the parties, the proposed

Settlement represents a good resolution of the Action that is well within the range of reasonableness.

### B. The Factors Considered When Granting Final Approval Also Support Preliminary Approval of the Proposed Settlement

When granting final approval of a settlement, courts in this Circuit consider: "(1) the strength

of plaintiffs' case compared to the terms of the proposed settlement; (2) the likely complexity, length

and expense of continued litigation; (3) the amount of opposition to settlement among affected

parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of

discovery completed." *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 C 2898, 2011 U.S.

Dist. LEXIS 84219, at *32 (N.D. Ill. July 26, 2011) (citing *Synfuel Techs., Inc. v. DHL Express

(USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006)). *See also GE Capital Corp. v. Lease Resolution

Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997). "At the preliminary approval stage, however, the

court's task is merely to 'determine whether the proposed settlement is within the range of possible

approval,' not to conduct a full-fledged inquiry into whether the settlement meets Rule 23(e)'s

standards.'" *Am. Int'l Grp.*, 2011 U.S. Dist. LEXIS 84219, at *32-*33. Courts should "'"not focus

on individual components of the settlement, but rather view them in their entirety in evaluating their

fairness."'" *AT&T Mobility*, 270 F.R.D. at 346-47.

These "final approval" factors weigh heavily in favor of granting preliminary approval of the

proposed Settlement. Lead Plaintiff, through his counsel, having carefully considered and evaluated,

*inter alia*, the relevant legal authorities and evidence to support the claims asserted, the likelihood of

prevailing on these claims on appeal and moving forward in the litigation, the risk, expense and

duration of continued litigation, and the likely appeals and subsequent proceedings necessary if Lead

Plaintiff did prevail at trial, has concluded that the Settlement is not only fair, reasonable, and

adequate, but presents a very favorable resolution of this complex action. Lead Counsel have

significant experience in securities and other complex class action litigation and have negotiated numerous other substantial class action settlements throughout the country. *See* www.rgrdlaw.com. It is well established that significant weight should be attributed to the belief of experienced counsel that settlement is in the best interest of the class. *EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985); *Isby*, 75 F.3d at 1200 (the court placed significant weight on the opinion of plaintiffs' well-respected attorneys); *In re Harnischfeger Indus., Inc.*, 212 F.R.D. 400, 410 (E.D. Wis. 2002) ("opinion of competent counsel weighs in favor of approval of a settlement").

Although Lead Counsel believe that the Class's claims have substantial merit, and are confident that they would prevail on Lead Plaintiff's appeal before the Seventh Circuit, they recognize the substantial risks and uncertainties associated with such an appeal. And, even if the Seventh Circuit were to rule in Lead Plaintiff's favor, there is no guarantee that Lead Plaintiff would go on to prevail at the district court level. Lead Plaintiff would still need to prosecute the Class's claims against Defendants through summary judgment, class certification, trial, and subsequent appeals, and therefore, runs the risk of losing at any one of these stages.

Lead Counsel are mindful of the problems of proof under, and possible defenses to, the securities law violations alleged. Defendants have vigorously denied liability from the outset and asserted defenses that might have found favor with the trier of fact. Indeed, the Court ruled there were problems with Lead Plaintiff's case, as it found that the Complaint had failed to sufficiently allege falsity and scienter. In light of the potential obstacles to recovery, which this Court highlighted, the certain recovery of $3,700,000 represents a highly favorable result for the Class. Furthermore, an evaluation of the benefits of settlement must be tempered by a recognition that any compromise involves concessions on the part of all of the settling parties. The "'essence of settlement is compromise.'" *Isby*, 75 F.3d at 1200 (quoting *Armstrong*, 616 F.2d at 315).

While Lead Plaintiff believes the Settlement merits final approval, the Court need not make that determination now. The Court is being asked to permit notice of the terms of the Settlement to be sent to the Class and schedule a hearing, pursuant to Federal Rule of Civil Procedure 23(e), to consider any expressed views by Class Members about the fairness of the Settlement, the Plan of Distribution, and Lead Counsel's request for an award of fees and expenses. 5 James Wm. Moore, *Moore's Federal Practice* §23.85[3], at 23-353 to 23-354 (3d ed. 2002). Here, a "summary" review of the proposed Settlement demonstrates that it is clearly within the range of what might be found fair, reasonable, and adequate, and therefore, preliminary approval is warranted. *Am. Int'l Grp.*, 2011 U.S. Dist. LEXIS 84219, at *32-*33.

## III. CERTIFICATION OF THE CLASS FOR SETTLEMENT PURPOSES IS APPROPRIATE

One of the Court's functions in reviewing a proposed settlement of a class action is to determine whether the action may be maintained as a class action under Fed. R. Civ. P. 23. *See Amchem Prods. v. Windsor*, 521 U.S. 591 (1997). Rule 23(a) establishes four prerequisites to class certification: (i) "numerosity," (ii) "commonality," (iii) "typicality," and (iv) "adequacy" of representation. *See id.* at 613. In addition, the Class must meet one of the three requirements of Rule 23(b). *See* Fed. R. Civ. P. 23. The Seventh Circuit has acknowledged that Rule 23 must be liberally construed in this context: "Its policy is to favor maintenance of class actions. This policy operates just as surely in cases where securities fraud is charged. It is especially strong in instances where denial of class status would effectively terminate further litigation of the securities fraud claims." *King v. Kan. City S. Indus., Inc.*, 519 F.2d 20, 26 (7th Cir. 1975). Lead Plaintiff asserts that the Class satisfies Rule 23's requirements, as detailed below.

## A.    Rule 23(a)(1) – Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Here, the number and location of the putative Class Members is such that it is impractical to join all of the Class Members in one lawsuit.  *See In re Mills Corp. Sec. Litig.*, 257 F.R.D. 101 (E.D. Va. 2009); *Tatz v. Nanophase Techs. Corp.*, No. 01 C 8440, 2003 U.S. Dist. LEXIS 9982, at *15-*16 (N.D. Ill. June 13, 2003).  WMS's common stock trades on the New York Stock Exchange, and approximately 206.5 million shares of its stock were purchased during the Class Period.  Common sense dictates that these shares were purchased by many thousands of investors, making joinder impracticable.  Thus, there can be no dispute that the Class satisfies the numerosity requirement.  "[I]n securities fraud suits involving nationally traded securities, numerosity may be assumed."  *In re Sys. Software Assocs., Inc. Sec. Litig.*, No. 97 C 177, 2000 U.S. Dist. LEXIS 18285, at *5 (N.D. Ill. Dec. 8, 2000).  *See also In re NeoPharm, Inc. Sec. Litig.*, 225 F.R.D. 563, 565 (N.D. Ill. 2004) (certifying class where the company had more than 16 million shares being traded on NASDAQ such that it could be "reasonably inferred that hundreds, if not thousands, of persons would be included in the proposed class").

## B.    Rule 23(a)(2) – Commonality

Rule 23(a)(2) is satisfied where there are questions of law or fact common to the class.  Complete identity of a named plaintiff's claims with those of the class is not required.  *See In re Hartmarx Sec. Litig.*, No. 01 C 7832, 2002 U.S. Dist. LEXIS 18273, at *10 (N.D. Ill. Sept. 19, 2002).  The commonality requirement is usually satisfied when "a common nucleus of operative fact" unites a class.  *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).  "Rule 23(a)(2) commonality 'is not a demanding requirement; one issue of fact or law common to all class members will suffice.'"  *Abrams v. Van Kampen Funds, Inc.*, No. 01 C 7538, 2002 U.S. Dist. LEXIS 16022, at *9 (N.D. Ill. Aug. 27, 2002).  Common questions of law and fact clearly predominate in this Action.

901148_1.

Here, the overarching question applicable to all Class Members is whether the Defendants made misrepresentations or omitted information necessary to be disclosed, and whether the alleged misrepresentations or omissions were material. *See Tatz*, 2003 U.S. Dist. LEXIS 9982, at *17 (certifying a class where common questions included whether the federal securities laws were violated by the defendants' acts and omissions, and whether the defendants participated in and pursued the common course of conduct). Commonality is therefore satisfied.

### C.      Rule 23(a)(3) – Typicality

The typicality requirement of Rule 23(a)(3) is satisfied because Lead Plaintiff's claims arise from the same course of conduct that gives rise to the claims of other Class Members and are based on the same legal theory. Lead Plaintiff, like all members of the Class, purchased WMS common stock in the open market during the Class Period, based on the same alleged misrepresentations and at the same allegedly artificially-inflated prices, and all claim to have suffered economic damages because of the same conduct. Moreover, Lead Plaintiff's claims, like the Class's claims, are premised on the same legal theory – Defendants' alleged violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. Accordingly, typicality is satisfied. *See Software Assocs.*, 2000 U.S. Dist. LEXIS 18285, at *5-*6 (granting class certification where plaintiffs' claims arose from the same "course of action that g[ave] rise to the claims of other class members and . . . [we]re based on the same legal theory").

### D.      Rule 23(a)(4) – Adequacy of Representation

Rule 23(a)(4) requires a finding that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirements of Rule 23(a)(4) will be met where: (i) the claims of the class representatives and other members of the class are not antagonistic; (ii) the class representatives are sufficiently interested in the outcome of the case; and (iii) experienced, competent counsel represents them. *See Silverman v. Motorola, Inc.*, 259

- 10 -

F.R.D. 163, 173 (N.D. Ill. 2009); *Tatz*, 2003 U.S. Dist. LEXIS 9982, at *23. Here, Lead Plaintiff satisfies all three prongs of the adequacy test of Rule 23(a)(4) for the Class.

First, Lead Plaintiff has no interests antagonistic to the interests of the Class. Lead Plaintiff is a member of the Class and suffered the same type of alleged economic damages as the other Class Members. Accordingly, there is no conflict between Lead Plaintiff and members of the Class, as their interests are squarely in line with each other. Second, Lead Plaintiff purchased WMS common stock during the Class Period, suffering substantial losses. Thus, Lead Plaintiff has sufficient interest in the outcome of the case. Third, Lead Plaintiff retained attorneys who are highly qualified, experienced, and able to successfully conduct this litigation. Lead Counsel have extensive experience, indeed are at the forefront nationally, in litigating complex class actions. Given the lack of conflict, his interest in the outcome of this case, and his retention of highly experienced and competent counsel, Lead Plaintiff is an adequate class representative here.

**E.      The Class May Be Properly Certified Under Rule 23(b)(3)**

In addition to satisfying all of the criteria of Rule 23(a), a party seeking class certification must also satisfy one of the requirements of Rule 23(b). Certification of a class under Rule 23(b)(3) requires that common issues predominate over individual issues and that the class action mechanism is superior to other methods of adjudicating the controversy. Both of these requirements are satisfied in the context of a settlement class.

The predominance inquiry focuses on the existence of common issues. As the Supreme Court recognized in *Amchem*, "[p]redominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws." 521 U.S. at 625. To determine whether common questions predominate, courts look to whether there is a "'common nucleus of operative facts.'" *Tatz*, 2003 U.S. Dist. LEXIS 9982, at *26. In this case, Lead Plaintiff asserts that the same set of operative facts, and the issues of falsity, materiality, scienter and causation are

- 11 -

common to all Class Members and clearly predominate over any individual issues. *See Software Assocs.*, 2000 U.S. Dist. LEXIS 18285, at *11 ("The principal issues of law and fact relate to defendants' alleged misrepresentations. The issues are common to the members of the class and predominate over any questions affecting only individual members.").

Further, resolution of this case through a class action is far superior to litigating thousands of individual claims where the expense for a single investor in pursuing a separate action could exceed the individual's loss. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985) (class action device permits pooling of claims where it would be uneconomical to litigate individually).

In sum, Lead Plaintiff believes that the Class meets all of the requirements of Rule 23(a) and (b)(3) and should be certified in conjunction with the Settlement.[4]

## IV.    THE PROPOSED NOTICE PROGRAM IS APPROPRIATE

Under Federal Rule of Civil Procedure 23(e)(1), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal" (*i.e.*, the proposed settlement). Here, the parties negotiated the form of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") to be disseminated to all persons who fall within the definition of the Class and whose names and addresses have been or can be identified from or through WMS's transfer records. In addition, the Claims Administrator will send the Notice to entities which commonly hold securities in "street name" as nominees for the benefit of their customers who are the beneficial purchasers of the securities. The parties further propose to supplement the mailed Notice with a Summary Notice published in *Investor's Business Daily* and on the *Business Wire*. The Notice and Summary Notice are attached to the Stipulation as Exhibits A-1 and A-3.

---

[4] Moreover, and as demonstrated throughout this case, Lead Counsel satisfy the requirements of Fed. R. Civ. P. 23(g).

In addition, Rule 23(h)(1) requires that "[n]otice of the motion [for attorneys' fees] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." Here, the Notice satisfies the requirements of Rule 23(h)(1), as it notifies Class Members that counsel for Lead Plaintiff will apply to the Court for attorneys' fees of up to 33% of the Settlement Fund and expenses not to exceed $100,000.00, plus interest, to be paid from the Settlement Fund. *See* Exhibit A-1 to the Stipulation, at §XI.

Furthermore, in securities class actions, the PSLRA requires the notice of settlement to include: (1) "[t]he amount of the settlement proposed to be distributed to the parties to the action, determined in the aggregate and on an average per share basis"; (2) "[i]f the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this chapter, a statement from each settling party concerning the issue or issues on which the parties disagree"; (3) "a statement indicating which parties or counsel intend to make . . . an application [for attorneys' fees or costs], the amount of fees and costs that will be sought (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought"; (4) "[t]he name, telephone number, and address of one or more representatives of counsel for the plaintiff class who will be reasonably available to answer questions from class members"; and (5) "[a] brief statement explaining the reasons why the parties are proposing the settlement." 15 U.S.C. §78u-4(a)(7). The Notice includes all of the information required by the PSLRA, as well as additional relevant information.

The proposed form of notice describes the Settlement and sets forth the amount of the Settlement Fund ($3,700,000) and the average distribution per damaged share if claims for 100% of such shares are made ($0.05/share); states the parties' disagreement over damages and liability; sets out the amount of attorneys' fees and expenses (in the aggregate and on a per share basis ($0.02/share) that Lead Counsel intend to seek in connection with final settlement approval; and

- 13 -

describes the Plan of Distribution. In addition, the Notice briefly explains the nature, history and status of the Action; sets forth the definition of the Class; states the Class's claims and issues; discusses the rights of persons who fall within the definition of the Class; and summarizes the reasons the parties are proposing the settlement.

Further, the Notice includes detailed information on the process and requirements for requesting exclusion from the Class. Specifically, the Notice provides the name and mailing address for the Claims Administrator. For those Class Members who wish to participate in the Settlement, the Notice provides instructions on the timing and process for completing and submitting the Proof of Claim and Release form that accompanies the Notice. The Summary Notice also informs Class Members that copies of the Notice and Proof of Claim and Release form may be obtained by writing the Claims Administrator, or by accessing the documents on the Claims Administrator's website.

Finally, the Notice sets forth the date, time, and place of the final approval hearing, along with the procedures for commenting on the settlement and includes the postal address for the Court, Lead Counsel, and counsel for Defendants.

The contents of the Notice and Summary Notice satisfy all applicable requirements of both the Federal Rules of Civil Procedure and the PSLRA. Accordingly, in granting preliminary approval of the proposed Settlement, Lead Plaintiff respectfully requests that the Court also approve the parties' proposed form and method of giving notice to the Class.

## V. PROPOSED SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement, the Court must set a final approval hearing date, dates for mailing the Notice and publication of the Summary Notice, and deadlines for requesting exclusion from the Class, objecting to the Settlement, the Plan of Distribution of settlement proceeds, or the application for fees and expenses, filing papers in support of the Settlement, Plan of Distribution of settlement proceeds, and fee and expense application, and

901148_1.

the submission of Proof of Claim and Release forms.  Lead Plaintiff proposes the following

schedule:

| Notice mailed to Class ("Notice Date") | January 24, 2014 |
|---|---|
| Summary Notice published | February 3, 2014 |
| Deadline for filing initial papers in support of the Settlement, Plan of Distribution of settlement proceeds, or request for an award of attorneys' fees and expenses | March 20, 2014 |
| Deadline for objecting to the Settlement, Plan of Distribution of settlement proceeds, or request for an award of attorneys' fees and expenses; deadline for requesting to be excluded from the Settlement | April 3, 2014 |
| Reply papers in support of the Settlement, Plan of Distribution of settlement proceeds, or request for an award of attorneys' fees and expenses | April 14, 2014 |
| Final Approval Hearing | April 24, 2014 |
| Last day for submitting Proof of Claim and Release forms | April 24, 2014 |

## VI.  CONCLUSION

For all the foregoing reasons, the proposed Settlement warrants the Court's preliminary

approval, and the Notice Order should be entered.

DATED:  January 3, 2014           Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)


             s/ James E. Barz
              JAMES E. BARZ

200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
PHONG L. TRAN
CODY LeJEUNE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 3, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 3, 2014.

s/ James E. Barz
JAMES E. BARZ

ROBBINS GELLER RUDMAN
& DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

E-mail: JBarz@rgrdlaw.com

# Mailing Information for a Case 1:11-cv-03503

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James E Barz**
  jbarz@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Sean M. Berkowitz**
  sean.berkowitz@lw.com,chefiling@lw.com

- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,JRamirez@millerlawllc.com

- **Zachary Thomas Fardon**
  zach.fardon@gmail.com

- **Michael James Faris**
  michael.faris@lw.com,chefiling@lw.com

- **John Grant**
  johnkg@rgrdlaw.com,karenc@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,ajewell@millerlawllc.com,LFanning@millerlawllc.com,JRamirez@millerlawllc.com

- **Johanna Margaret Spellman**
  johanna.spellman@lw.com,chefiling@lw.com

- **Phong Tran**
  ptran@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)