UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE C. CONLEE, Individually and on Behalf of All Other Similarly Situated, | ) ) ) | No. 1:11-cv-03503-JBZ |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) | Judge James B. Zagel<br>Magistrate Judge Young Kim |
| WMS INDUSTRIES INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

884708_1

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated January 21, 2014, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated December 17, 2013 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies a Class for settlement purposes only defined as: All persons, without geographic limitation, who purchased or otherwise acquired WMS common stock during the period from September 21, 2010 through and including August 4, 2011, or their successor in interest, and who were or claim to have been damaged by Defendants' alleged violations of Sections 10(b) and/or 20(a) of the Securities Exchange Act of 1934. Excluded from the Class are Defendants, the current officers and directors of the Company, members of their immediate families, any entity in which a Defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded party. There were no valid exclusion requests.

4. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses, as to Defendants, the Action and all Released Claims of the Class with prejudice, without costs as to any of the Released Persons, except as and to the extent provided in the Stipulation and herein.

7. Upon the Effective Date hereof, and as provided in the Stipulation, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including, without limitation, Unknown Claims) against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

8. Upon the Effective Date hereof, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and counsel for Plaintiff from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

9. Upon the Effective Date hereof, and as provided in the Stipulation, Lead Plaintiff and each of the Class Members, and their heirs, executors, administrators, successors, and assigns, shall also be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Persons and their counsel from all Released

Claims (including, without limitation, Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Action or the Released Claims.

10. Upon the Effective Date, Lead Plaintiff and each of the Class Members who have not timely opted out of the Class, and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

11. The Notice of Pendency and Proposed Settlement of Class Action given to the Class in accordance with the Notice Order entered on January 21, 2014 was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

12. Any plan of distribution submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be

deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

15. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and,

- 5 -

in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. Neither Defendants nor their insurers shall have any reversionary interest in the Net Settlement Fund. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, distribute such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would otherwise receive a minimum of $10.00. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Chicago Bar Foundation.

19. The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

IT IS SO ORDERED.

*James B. Zagel*

DATED: 5/8/14 _____
THE HONORABLE JAMES B. ZAGEL
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

      I hereby certify that on May 7, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

      I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 7, 2014.

      s/ Cody R. LeJeune
      CODY R. LEJEUNE

      ROBBINS GELLER RUDMAN
           & DOWD LLP
      655 West Broadway, Suite 1900
      San Diego, CA 92101-8498
      Telephone: 619/231-1058
      619/231-7423 (fax)

      E-mail:clejeune@rgrdlaw.com